# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**STATE AUTOMOBILE MUTUAL**
**INSURANCE COMPANY**                                                  **PLAINTIFF**

**V.**                                                  **CASE NO. 1:11-CV-00216**

**CAREY TACKETT**                                                           **DEFENDANT**

## MEMORANDUM OPINION

Defendant Carey Tackett moves the court to dismiss this declaratory judgment action so that it may be tried in a pending parallel state court lawsuit. Tackett argues that this court should exercise its discretionary authority to dismiss the case because the issues herein can be fully litigated in the Circuit Court of Lee County, Mississippi. Plaintiff State Automobile Insurance Company ("State Auto") opposes the motion and argues that fairness and efficiency factors weigh against dismissal. For the reasons below, the court concludes that the motion is well taken and shall be granted.

By way of background, this case arises from a September 15, 2008 motor vehicle accident in Lee County, Mississippi wherein a car driven by Carey Tackett collided with a tractor mower driven by Scotty Reynolds. Jeremy Tharpe was a passenger in Tackett's vehicle and died as a result of the collision. At the time of the accident, Tackett was employed by Rockin R International, Inc. ("RRI"), which had automobile and umbrella insurance with State Automobile Mutual Insurance Company ("State Auto"). Scotty Reynolds was employed by the City of Verona, Mississippi.

On August 24, 2009, Jeremy Tharpe's father and brother filed a wrongful death lawsuit against Scotty Reynolds, Carey Tackett, and the City of Verona in the First Judicial District of the Circuit Court of Yalobusha County, Mississippi. The case was later transferred to the Circuit Court of Lee County, Mississippi and RRI was added as a defendant. All parties to the lawsuit are Mississippi residents. On September 13, 2011, Tackett requested leave to file a third party complaint against State Auto, an Ohio company with its principal place of business in Ohio. On September 14, 2011, Jeremy Tharpe's mother initiated a wrongful death action in Lee County Circuit Court. Shortly thereafter, the two wrongful death cases were consolidated.

On October 11, 2011, State Auto filed a complaint for declaratory judgment in this court. On October 12, 2011, Lee County Circuit Court granted Tackett's motion for leave and he filed his third-party complaint for defense and indemnification against State Auto. According to Tackett, State Auto is providing *Moeller* counsel to RRI, but will not afford him the same benefit. He claims that the insurance company waived coverage defenses by failing to reserve its rights under the policy. In turn, State Auto removed the third-party action to this court, but the case was remanded due to improper removal.

Tackett has filed the instant motion to dismiss, arguing that the court should abstain from hearing this declaratory judgment action in deference to the litigation pending in Lee County Circuit Court. He additionally argues that dismissal is proper because State Auto failed to join the Tharpes and RRI as necessary and indispensable parties.

In declaratory judgment lawsuits, "the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton v. Seven Falls Co.,* 515 U.S. 277, 288, 115 S.Ct. 2137, 2143, 132 L.Ed. 2d 214 (1995). The Fifth Circuit set forth seven factors in *St. Paul Ins. Co. v. Trejo,*

2

39 F.3d 585 (5th Cir. 1994) for district courts to consider when deciding whether to dismiss a declaratory action. These factors, known as the *Trejo* factors, require the court to evaluate:

(1) Whether there is a pending state court lawsuit in which all of the matters in controversy may be fully litigated;

(2) Whether the declaratory plaintiff filed suit in anticipation of a lawsuit filed by the defendant;

(3) Whether the plaintiff engaged in forum shopping in filing the suit;

(4) Whether there are any inequities in allowing the plaintiff to gain precedence in time or to change forums;

(5) Whether the federal court is a convenient forum for the parties and witnesses;
(6) Whether retaining the lawsuit would serve the purposes of judicial economy; and

(7) Whether the federal court is called upon to construe a state judicial decree involving the same parties and entered by the court before [which] the parallel state suit between the same parties is pending.

*Id.* at 590-91. The *Trejo* factors address three categories of issues: comity, fairness, and efficiency. *Sherwin-Williams Co. v. Holmes County, et al.,* 343 F.3d 383, 391-92 (5th Cir. 2003). In applying these factors, the court ensures that decision-making is properly allocated between state and federal courts; legitimate and improper reasons for forum selection are distinguished; and duplicative or piecemeal litigation is avoided. *Id*. at 390-391.

In the court's opinion, the *Trejo* factors weigh in favor of dismissing this case. First, there is a pending state court action in which all of the matters in controversy may be fully litigated. Tackett filed his third party complaint in Lee County Circuit Court one day after this declaratory action commenced. Next, both cases involve state law issues and can be properly adjudicated in state court. Generally, under these circumstances, "the state court should decide the case and the federal court should exercise its jurisdiction to dismiss the federal suit." *Sherwin-Williams*, 343 F.3d at 391.

Turning to the third factor, it appears State Auto filed this case in anticipation of Tackett's third-party complaint. Though the federal case was filed first, Tackett requested leave to file his third party action one month before the declaratory case commenced. Every litigant must select a forum in which to bring a cause of action. It does not appear that State Auto engaged in forum shopping in filing this case. Accordingly, the court declines to negatively infer the plaintiff's desire to avail itself of federal jurisdiction.

As to the next factor, it does not appear that the equities in this case favor either party. Further, this court and Lee County Circuit Court are equally convenient forums. In this court's opinion, retaining jurisdiction over the declaratory lawsuit would not serve judicial economy. Tackett argues that State Auto has not joined necessary and indispensable parties. However, this argument lacks merit because the wrongful death beneficiaries and RRI share the same interest as Tackett in the declaratory lawsuit. Thus, the parties will not be prejudiced by their absence from this case. If the court were to retain jurisdiction, the coverage issues raised herein would be litigated simultaneously in state and federal court. The cases would be subject to appeals before the Mississippi Supreme Court and the Fifth Circuit Court of Appeals, respectively. Since the appellate and trial courts could rule inconsistently, there appears to be no advantage in simultaneously litigating the issues in this court.

Regarding the final *Trejo* factor, this court could potentially be "called upon to construe a state judicial decree involving the same parties and entered by the court before [which] the parallel state suit is pending." If Lee County Circuit Court enters a final order in the third party case before the federal action is ruled upon, the issues in this case would be moot. This court would apply the doctrine of *res judicata* to the state court order and dismiss the case. Based on the foregoing, the court concludes that the *Trejo* factors support abstention in this case and the

motion to dismiss is granted. A separate judgment will be entered this day pursuant to Fed. R. Civ. P. 58.

SO ORDERED, this the 15th day of June, 2012.

>**/s/ MICHAEL P. MILLS**
>**CHIEF JUDGE**
>**UNITED STATES DISTRICT COURT**
>**NORTHERN DISTRICT OF MISSISSIPPI**